## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FRITH MALIN** | **CIVIL ACTION NO.** |
| **VERSUS** | **JUDGE:** |
| **ORLEANS PARISH COMMUNICATIONS DISTRICT** | **MAGISTRATE** |

**************************************************************************

## COMPLAINT WITH JURY DEMAND

**NOW INTO COURT**, through undersigned counsel, comes **FRITH MALIN**, an individual of the age of majority, resident of and domiciled in the Parish of Orleans, State of Louisiana, who, with respect represents:

1.

This Court has original subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331, for the reason that this action arises under the laws of the United States, and specifically, 42 U.S.C § 1983, and the First Amendment of the United States Constitution. This Court has supplemental jurisdiction over the claim arising under the laws of the State of Louisiana, pursuant to 28 U.S.C. §1367(A), as the state claim arises out of the same adverse employment action of termination that gave rise to Plaintiff's federal claim and forms a part of the same case or controversy.

2.

All of the events set forth in this Complaint took place in Orleans Parish, Louisiana.

3.

Made Defendant herein is Orleans Parish Communications District, a political subdivision of the State of Louisiana, created by Act 155 of the 1982 Regular Session of the Louisiana

Legislature, for the initial stated purpose of establishing 911 services for the Parish of Orleans, which purpose was later expanded pursuant to Act 726 of the 1995 Regular Session of the Louisiana Legislature.

### Allegations of Fact

#### 4.

Plaintiff, Frith Malin, was employed by the Orleans Parish Communications District ((hereinafter, "the OPCD"), for a period of approximately eight years.

#### 5.

On or about July 29, 2016, Plaintiff was terminated from her employment by the OPCD.

#### 6.

At the time of the termination of her employment, Plaintiff held the position of Deputy Director for the Orleans Parish Communications District ("OPCD").

#### 7.

During the last six or seven months of Plaintiff's employment, Jeanne Hobson, who held the position of and/or had the responsibilities of Human Resources Manager of the OPCD, created a sexually hostile work environment, by frequently offering unsolicited information to her co-employees concerning her sexual activities and preferences.

#### 8.

Several employees, including Plaintiff, found Ms. Hobson's statements to be offensive, inappropriate, and embarrassing. Some complained, but none so consistently and with such determination as Plaintiff.

9.

Despite employee complaints, the OPCD failed to take any disciplinary action against Ms. Hobson and failed to remediate the sexually hostile environment.

10.

In addition to Plaintiff's complaints concerning and opposition to the sexually hostile work environment created and sustained by Ms. Hobson, Plaintiff consistently voiced her concerns to her supervisor, some of her co-employees, and to the OPCD Board concerning her opposition to City of New Orleans/OPCD consolidation issues, and in particular as to how OPCD funds were being used.

11.

On June 24, 2016, an email was sent by the OPCD Director, Stephen Gordon, to the OPCD employees, announcing that Andy Kopplin, a current board member of the OPCD, had been named CEO of the Greater New Orleans Foundation.

13.

On that same date of June 24, 2016, Plaintiff responded to the email by stating "I'm sure he will do just as good a job bleeding all these funds dry, just as he has done with the City. I'm willing to bet he starts charging a higher admin/maintenance fee to the entities that have funds there. I normally donate to Franklin via this fund, but won't do that again."

13.

Plaintiff made this statement as a private citizen regarding a matter of public concern, and not as part of her official duties as the Deputy Director of OPCD.  While it was her intention to send it solely to Gordon, she inadvertently replied "to all."

3

14.

On June 27, 2016, Plaintiff was suspended from her employment, pending an internal investigation into her email response.

15.

Jeanne Hobson, the Human Resources Manager who had created the sexually hostile work environment about which Plaintiff had complained, and who knew that Plaintiff had complained about her, was appointed to conduct the internal investigation.

16.

On July 15, 2016, Jeanne Hobson issued a report directed to Stephen Gordon, Executive Director of OPCD, which she titled "Administrative Investigation of Frith Malin, Deputy Director" ("the Investigation Report"). In the Report, Jeanne Hobson concluded that it was her opinion that Plaintiff violated the OPCD Conduct Policy by sending the June 24, 2016 email and other emails expressing her opinions, and Ms. Hobson recommended "immediate termination" of Ms. Malin.

17.

The June 24, 2016 and the other emails in which Plaintiff expressed her opinion concerning highly politicized issues all regarded matters of public concern, and were not expressed as a part of her job duties but as a private citizen.

18.

On July 29, 2016, pursuant to and in accordance with Ms. Hobson's recommendation, Plaintiff was terminated from her position as Deputy Director for Defendant.

19.

During her eight years as an employee of Defendant, Plaintiff had never been suspended or otherwise disciplined.

20.

At the time of her termination, Plaintiff had no knowledge of any policy regulating the content of email communications on Defendant's computers.

21.

Further, during the course of Plaintiff's employment, Plaintiff was the frequent recipient of emails from her co-employees, including but not limited to emails from the Executive Director, Steven Gordon, in which her co-employees complained about and opposed various policies and actions.

22.

The OPCD informed the Louisiana Workforce Commission that Plaintiff was terminated from her employment for failure to follow OPCD policies of which she was aware and that this was misconduct connected with her employment.   However, when Plaintiff appealed her disqualification from benefits, and after a full hearing on the issue at which Ms. Hobson appeared by telephone on behalf of the OPCD, the Administrative Law Judge reversed the disqualification, finding that Plaintiff had not been discharged for misconduct connected with her employment and that her conduct did not constitute a violation of any existing or known policies.

23.

Plaintiff also sought to appeal her termination through the discretionary internal appeal procedure provided by the OPCD, but she was denied the opportunity for a meaningful appeal because the OPCD affirmatively failed and refused to provide to Plaintiff the documents she

requested in order to prove her defense. This failure and refusal, in addition to interfering with and preventing Plaintiff from a meaningful appeal, also violates Louisiana law concerning the production of public records.

24.

Plaintiff further submits that Defendant provided a copy of the OPCD Investigative Report prepared by Jeanne Hobson, and all attachments, not only to the Board of the OPCD, but to Plaintiff's former co-employees, who were attending a board meeting. Plaintiff submits that Defendant distributed these documents to her former co-employees with the intent to cause embarrassment to client, and/or they did so with reckless disregard of her right to privacy and confidentiality. As a result thereof, Defendant has increased Plaintiff's damages, including her emotional distress, humiliation, and reputational damages.

### Count 1
### Violation of the First Amendment
### 42 U.S.C. § 1983

25.

All of the allegations set forth in Paragraphs 1 through 22 are incorporated herein by reference as if fully set forth herein.

26.

The First Amendment to the United States Constitution, made applicable to the State of Louisiana through the Fourteenth Amendment to the Unites States Constitution and enforceable pursuant to 42 U.S.C. § 1983, provides that states may not interfere with the freedom of speech.

27.

All of the actions of Defendant complained of herein were taken by the OPCD, a political subdivision of the State of Louisiana, while acting under color of state law.

28.

Plaintiff's comments and opinions in her emails are protected by the First Amendment of the U.S. Constitution.

29.

All of Plaintiff's speech at issue in this litigation was made in her capacity as a private individual about a matter of public concern, and not pursuant to her official duties as Deputy Director of the OPCD.

30.

Defendant violated Plaintiff's right to free speech by terminating her for expression of her opinions on matters of public concern.

31.

Defendant acted intentionally and in clear disregard of Plaintiff's federally protected rights; alternatively, Defendant acted with reckless disregard of Plaintiff's federally protected rights.

**Count 2**
**Louisiana Whistleblower Statute**
**-LSA-R.S. 23:967**

32.

All of the allegations set forth in Paragraphs 1 through 23 are incorporated herein by reference as if fully set forth herein.

33.

LSA-R.S. 23:967, known as the Louisiana Whistleblower Statute, holds, in pertinent part, "[a]n employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law… [d]iscloses or threatens to disclose a workplace act or practice that is in violation of state law."

34.

Plaintiff, and other employees, consistently opposed and reported the sexually hostile work environment created by Defendant employee, Jeanne Hobson.

35.

Defendant failed to adequately address Plaintiff's complaints.

36.

After Plaintiff sent the email at issue herein, Defendant allowed Ms. Hobson to investigate Plaintiff, and it was Ms. Hobson who made the recommendation that Plaintiff be terminated.

37.

Plaintiff believes, and therefore alleges, that the termination of her employment was motivated, in material part, by her opposition to and complaints of the sexually hostile work environment created by Jeanne Hobson.

**DAMAGES**

38.

As a result of the actions of Defendant, Plaintiff has suffered and will continue to suffer the following damages, injuries, and losses as a direct and proximate result of the actions and violations set forth in each of the Counts herein:

A.  Backpay and front pay;

B.  Loss of Benefits;

C.  Emotional distress, humiliation and loss of enjoyment of life;

D.  Damage to reputation;

E.  Legal Expenses and Costs;

F.  Other damages that will be proven at trial.

## JURY TRIAL

39.

Plaintiff's damages far exceed the jurisdictional amount required by law for a jury, and Plaintiff therefore is entitled to and requests a jury.


**WHEREFORE**, Plaintiff, Frith Malin, prays that this matter be set for trial by jury, and that after due proceedings there be judgment herein, in Plaintiff's favor and against Defendant, Orleans Parish Communications District, for all damages that Plaintiff has sustained as a result of the actions described in this Complaint, together with attorneys fees, costs, judicial interest, and all other legal and equitable relief to which she may be entitled.


Respectfully submitted,


Lisa Brener (La. Bar Roll No. 1809)
Brener Law Firm, LLC
3640 Magazine St.
New Orleans, LA 70115
(504)302-7802
*lbrener@brenerlawfirm.com*

Attorney for Frith Malin

9